**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HAYDAR BEKTAS,** | ) | **CASE NO. 1:23 CV 313** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CLEVELAND STATE** | ) | **AND ORDER** |
| **UNIVERSITY,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Haydar Bektas filed this action against Cleveland State University ("CSU"), CSU Instructor Elli Barbari, CSU Department Chair Yong X. Tao, and former Dean Brian L. Davis. In the Complaint (Doc. # 1), Plaintiff alleges that he had a poor instructor in an upper level class who did not properly utilize classroom technology, forgot to include tables on his exams, and asked more questions on his exams than a reasonable student could complete in the time allotted. Although he states he graduated with a degree from CSU, he claims CSU "is one of "the discrminator and retaliation schools in the country." (Doc. # 1 at 2). He seeks monetary damages in the amount of $ 12,000,000.00 for affecting his life negatively and causing health and mental problems.

## I.  BACKGROUND

Plaintiff alleges he was an engineering student at CSU, but does not specify the time period in which he was enrolled.  He contends he took an upper level engineering course, and although this class was more advanced, the instructor teaching the course was not very skilled educator.  He states that the instructor "needs to learn how to shear (share?) his computer screen and needs more knowledge to teach this class." (Doc. #1 at 2).  He states the professor did not provide sufficient explanation of the material and had "other issues with his teaching style." (Doc. #1 at 2).  He indicates the instructor forgot to put the tables on the final exam and remembered his mistake fifteen minutes before the exam ended.  He contends the instructor put more questions on the exam than could be solved during the time period allotted and changed grades as much as he wanted.  He states that Instructor Elli Barbari, Department Chair Yong Tao, Dean Brian Davis were against him.  He states he has OCD and ADHD but stopped taking his medication because he thought he was taking too much of it.  He indicates he left CSU ten years ago but re-enrolled and received his diploma.  He states "all their threats clearly show 'Discrimination' and 'Retaliation' and 'More' from ungrounded needs and explanations." (Doc. # 1 at 2).

## II.  STANDARD OF REVIEW

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).  Nevertheless, district courts are permitted to conduct a limited screening and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the

allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter.  *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

### III.  ANALYSIS

Plaintiff's Complaint is totally attenuated, frivolous, and devoid of merit that it lacks an arguable basis in law and fact.  He does not assert a discernable legal claim in his pleading, and none is apparent on the face of the Complaint.  His only attempt at asserting a legal claim is his use of the words "Discrimination" and "Retaliation."  There is no indication of whether these claims are asserted under a federal statute, the United States Constitution, the Ohio Constitution or some provision of state law.  Furthermore, none of the facts alleged in the Complaint suggest a cause of action.  In fact, under Plaintiff's explanation, the entire class experienced the same teaching style, the same exam and the same time limitations for taking exams.  Plaintiff fails to describe any behavior by any of the Defendants that could be described as discriminatory or retaliatory.  Merely having an instructor whose teaching style is not compatible with a student's learning style does not state a viable claim under any federal statute, and certainly does not rise to the level of a constitutional violation.

## IV. CONCLUSION

Accordingly, this action is **DISMISSED**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: May 9, 2023                  *s/ Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.